Case 14-02098    Filed 04/09/14    Doc 1

McMillan Law Group
Julian McMillan, Esq. (SBN: 241937)
Alan Shepard (SBN: 292590)
2751 Roosevelt Rd., Suite 204
San Diego, CA 92106
P: 858-499-8951
F: 619-241-8291

Attorneys for Debtor Carol Dexter

# UNITED STATES BANKRUPTCY COURT

## Eastern District of California

| | |
|---|---|
| In re<br><br>Carol M. Dexter<br><br>         Debtor<br>_____<br><br>Carol M. Dexter<br><br>         Debtor/Plaintiff.<br><br>vs.<br><br>Xerox Education Services, LLC, a Delaware company d.b.a. ACS Education Services; JPMorgan Chase Bank, National Association, a New York company; and Great Lakes Higher Education Corporation, a Wisconsin corporation.<br>         Creditors/Defendants | Case No.: 14-21740<br><br>Adv. Proc. No.:_____<br><br>**COMPLAINT FOR DISCHARGE OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C.§ 523(a)(8)** |

Plaintiff Carol M. Dexter hereby files this complaint for discharge of student loan debt, pursuant to 11 U.S.C. § 523(a)(8), and alleges as follows:

## **INTRODUCTION**

1. This is an adversary proceeding against Xerox Education Services, LLC d.b.a. ACS Education Services ("Defendant Xerox"), a creditor, JP Morgan Chase Bank, National Association ("Defendant JP Morgan"), a lender, and Great Lakes Higher

1

COMPLAINT FOR DISCHARGE OF STUDENT LOANS

Education Corporation ("Defendant Great Lakes"), a guarantor, for discharge of student loan debt pursuant to 11 U.S.C.§ 523(a)(8). "ACS Education" (i.e. Defendant Xerox) was listed as an unsecured, non-priority creditor on Schedule F of Mrs. Dexter's February 6, 2014 Chapter 7 Bankruptcy petition (Case No.: 14-21740).

2. Mrs. Dexter is a hardworking woman who, despite her best efforts, is unable to repay her student loan debt. Unfortunately, the myriad diagnosed psychological disorders that Mrs. Dexter has struggled against since her early childhood prevent her from performing effectively in work settings, and maintaining stable employment.

3. Mrs. Dexter has been diagnosed with General Anxiety Disorder, Panic Disorder, Obsessive Compulsive Disorder, and Paranoid Traits. Additionally, her therapist believes that Mrs. Dexter's experiences and behaviors may warrant an additional diagnosis of Post-Traumatic Stress Disorder.

4. Despite the hardships that she experiences as a result of her psychological disorders, Mrs. Dexter has worked hard to fulfill her student loan obligations. Since August of 2000, she has made nearly 150 monthly student loan payments, taken on several jobs, and attempted to supplement her income in multiple ways. Despite these efforts, Mrs. Dexter currently owes $94,866 in student loan debt. Mrs. Dexter accumulated this debt while attending Cape Cod Community College, Emerson College, and California Polytechnic State University, San Luis Obispo between 1991 and 1998. She also owes $6,777 in interest on that debt.

5. Defendant J.P. Morgan is the lender for this debt, and Defendant Great Lakes is the guarantor of this debt.

6. Given the severity of Mrs. Dexter's psychological condition, and the impact that her condition has on her ability to perform effectively in professional settings, and maintain employment so that she can repay her student loans, it will not be possible for her to repay this debt while maintaining a minimal standard of living. Mrs. Dexter is, therefore, entitled to have these loans discharged, pursuant to 11 U.S.C.§ 523(a)(8).

/ / /

## THE PARTIES

1. Plaintiff and Debtor Carol M. Dexter ("Mrs. Dexter"), at all times mentioned herein, resided in Washington, California and is a "Debtor" as defined under Title 11 of the United States Bankruptcy Code.

2. Xerox Education Services, LLC d.b.a. ACS Education Services, a Delaware company with its principal place of business in Texas, is a creditor listed in Plaintiff's bankruptcy schedules as "ACS Education." The petition is attached as Exhibit A. Heather Ficarra is group president of Xerox's Financial Services Group, which includes Xerox Education Services.

3. JP Morgan Chase Bank, N.A. a New York company with its principal place of business in Ohio, serves as the lender for Mrs. Dexter's student loan debt. James Dimon is the president of this company.

4. Great Lakes Higher Education Corporation, a Wisconsin corporation with its principal place of business in Wisconsin, is the guarantor for Mrs. Dexter's student loan debt. Richard George is the president of this corporation.

## JURISDICTION

5. This Court has jurisdiction to hear this proceeding because it arises in a case under Title 11 of United States Code. 28 U.S.C. § 1334(a).

6. This Court may hear and determine this action because it is a core proceeding arising in a case under Title 11 since Mrs. Dexter is seeking relief under the Bankruptcy Code. See In re Pena (9th Cir. 1998) 155 F.3d 1108.

7. Venue is proper in this Court because the case under Title 11 in which this proceeding arises was commenced in this district. 28 U.S.C. § 1409.

///
///
///
///

**First Cause of Action**

**Student Loan Debt Discharge Under 11 U.S.C. § 523(a)(8)**

*Relevant Authority*

8. Government guaranteed student loans cannot be discharged in bankruptcy unless, "excepting such debt from discharge ... will impose an *undue hardship* on the debtor and the debtor's dependents." 11 U.S.C. § 523 (emphasis added). In the Ninth Circuit, hardship is determined using the *Brunner* three-part test. *In re Pena*, 155 F.3d 1108, 1114 (9th Cir. 1998); *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395 (2d Cir. 1987). The debtor must establish (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself or herself and dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good-faith efforts to repay the loans, which may involve an inquiry into the debtor's efforts to maximize income and to minimize expenses. *Id.* at 1111.

*Mrs. Dexter Will Not Be Able to Maintain a Minimal Standard of Living if She is Required to Repay Her Student Loans*

9. Requiring Mrs. Dexter to repay the $94,866 in student loan debt, and $6,777 in interest she owes would prevent her from maintaining a minimal standard of living.

10. In 2013 Debtor earned only $6,200.70, and in 2012 she only earned $6,865.78.

11. In addition, last year, she received a mere $500 in aid from the Low Income Housing Energy Assistance Program.

12. Mrs. Dexter does not possess the necessary funds to repay her student loan debt while maintaining a minimal standard of living.

Case 14-02098    Filed 04/09/14    Doc 1

13. Mrs. Dexter has limited her expenses to those she needs to afford the basic necessities of life. Nonetheless, when including her student loan payments, her expenses exceed her income.

*Mrs. Dexter's Inability to Repay Her Loans is Unlikely to Change*

14. Mrs. Dexter has been diagnosed with General Anxiety Disorder, Panic Disorder, Obsessive Compulsive Disorder, and Paranoid Traits.

15. Mrs. Dexter's licensed therapist, who has been working with Mrs. Dexter for over a year, believes that her behavior may warrant an additional diagnosis of Post-Traumatic Stress Disorder.

16. Mrs. Dexter's anxiety keeps her in a perpetual state of fear. While at work, she often feels trapped and panicked. She has a pervasive fear of leaving home, and not being able to return.

17. Her fear and anxiety create within her an intense desire to "escape" uncomfortable situations by going home, where she feels safe.

18. Mrs. Dexter experiences a state of hypervigilance in both professional and social settings.

19. While at work, she has trouble trusting others and continuously feels as though she is being watched and critiqued. Mrs. Dexter is easily startled, and often jumps or screams when she feels surprised.

20. In her personal life, Mrs. Dexter regularly feels as though she is being judged by others. Whenever she goes to see a movie, for example, she does not feel comfortable when people sit behind her because she cannot stop focusing on what they might be thinking about her.

21. Mrs. Dexter's anxiety and hypervigilance impair her memory, and her ability to concentrate. While at work, she often has trouble remembering instructions, and following orders.

22.     Since early childhood, Mrs. Dexter has experienced certain behavioral impulses, or "tics," that make social settings quite uncomfortable for her, and those around her.

23.     One of her previous tics required her to sniff four times in a row at random moments.

24.     She has also experienced tics that have given her the impulse to pluck out her eyebrow and leg hair, make the sign of the cross repeatedly, and make unorthodox facial expressions at inappropriate times. Mrs. Dexter's behavioral tics have never been permanent, but as soon as she stops experiencing one tic, it is always replaced by another tic.

25.     Throughout her life, Mrs. Dexter has held approximately 24 different jobs. Her condition impaired her ability to perform at each of these positions.

26.     In 1990, while working at a pet store, the pressure of "up selling" products, and her fear of being asked questions by customers made her work experience stressful and difficult.

27.     Similarly, while working at a bookstore later that year, Mrs. Dexter experienced a behavioral tic that gave her the impulse to pull the door at the entrance to the store a certain number of times before feeling confident that it was locked. This tic had such a pervasive impact on Mrs. Dexter's work experience and personal life that on several occasions she had to make the hour long drive back to her job, in the middle of the night, because she was not confident that she had pulled on the door the "proper" number of times.

28.     On a different occasion, Mrs. Dexter found herself sobbing heavily as she repeatedly pulled on the locked door for forty-five minutes.

29.     According to her therapist, Mrs. Dexter's mental impairment is substantial, and it will take an indefinite period of time for her to make progress with regard to the psychological disorders with which she has been diagnosed.

6

COMPLAINT FOR DISCHARGE OF STUDENT LOANS

### *Mrs. Dexter Has Made a Good Faith Effort to Repay the Loans*

30. Since August of 2000, Mrs. Dexter has made almost 150 payments on this debt, totaling in $50,833.47.

31. In order to repay her student loan debt, Mrs. Dexter has taken on multiple jobs, sold most of her belongings on eBay and at yard sales, sold items for others on eBay and Craigslist, sold valuable jewelry that belonged to her, and served as a dog sitter.

32. Mrs. Dexter even attempted to supplement her income by opening a business called, "Errand Runners, Etc.," in which she ran errands for individuals who did not own cars. Unfortunately, her condition also affected her performance in this position. While performing photographic editing jobs for her clients, she was always terrified to begin the photographic editing process, because she feared that the result would be of terrible quality. This fear caused her to delay the start of many of her tasks, which often put her behind in her work.

33. Mrs. Dexter meets each prong of the Brunner test. First, she will not be able to maintain a minimal standard of living if she is required to repay her student loans. Second, her inability to pay these loans is unlikely to change in the future, because, according to Mrs. Dexter's therapist, her psychological condition will not improve for an indefinite period of time. Third, for the past 15 years, Mrs. Dexter has made a good faith effort to repay her student loans by taking various jobs, and supplementing her income in multiple ways.

///
///
///
///
///
///
///

## PRAYER FOR RELIEF

1. Because excepting Mrs. Dexter's student loans from discharge would impose an undue hardship on her, Mrs. Dexter prays for an order discharging all of her student loan debt.

Respectfully Submitted,

MCMILLAN LAW GROUP

Dated: April 2, 2014      By: */s/ Julian McMillan*
                              Julian C. McMillan, Esq.
                              Attorney for Carol Dexter