5

BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
980 9th Street, Suite 380
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Defendant
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 14-21740-C-7 |
| CAROL M. DEXTER, | ADVERSARY NO. 14-2098-C |
| Debtor. | DC NO. BHS-2 |
| CAROL M. DEXTER, | **STIPULATION FOR JUDGMENT** |
| Plaintiff, | |
| v. | |
| XEROX EDUCATION SERVICES, LLC, a Delaware company d.b.a ACS EDUCATION SERVICES, et al. | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Carol M. Dexter ("Plaintiff"), and Educational Credit Management Corporation ("ECMC"), the following facts are true and that judgment be entered in this matter as follows:

1. Plaintiff executed a Promissory Note (the "Note") for a federally guaranteed Consolidation loan. The loan was disbursed on November 2, 2003 in the amount of $76,012.01 with a 8.25% custom interest rate.

2. The Note evidences a student loan made to Plaintiff under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). The program, referred to as the Federal Family Educational Loan Program (("FFELP"), formerly

1

known as the Guaranteed Student Loan Program), was established by the Higher Education Act of 1965, as codified at 20 U.S.C. § 1071 *et seq.*

3. ECMC is a private, nonprofit corporation and a guaranty agency under the FFELP. ECMC is a Minnesota corporation with its principal place of business located at 1 Imation Place, Building 2, Oakdale, MN 55128.

4. ECMC currently holds all right, title and interest in the Note.

5. Plaintiff is a 52-year-old, married individual with no dependents and is currently employed part-time with the US. Postal Service, working less than 10 hours per week.

6. Plaintiff alleges that repayment of her student loan obligation would cause an undue hardship for herself and her husband.

7. The unpaid balance of the Note is $103,058.27 as of May 20, 2014.

**STIPULATION**

8. Plaintiff and ECMC stipulate to a settlement of this adversary proceeding on the following terms:

    A. Upon compliance with and completion of the terms of this Stipulation, Plaintiff's liability under the Note described in Paragraphs 1 and 7 shall be deemed satisfied, and any remaining balance due under the original terms of the Note will be discharged through the bankruptcy case.

    B. Plaintiff shall pay a principal balance of $4,500.00 in a lump-sum within 30 days of Court approval of this Stipulation in satisfaction of the entire debt stated in Paragraphs 1 and 7.

9. All payments to ECMC shall be addressed and mailed to:

ECMC
Lockbox #8682
P.O. Box 16478
St. Paul, MN 55116-0478

10. Upon discharge, ECMC will execute and deliver a full, final and complete release of liability from the sums owed under the Note described in Paragraph 1 and 7.

11. If the lump-sum payment is more than thirty (30) days delinquent, Plaintiff shall be in default. If Plaintiff fails to cure the default within ten (10) days of the date of the letter notifying Plaintiff of such default, then this Stipulation shall become null and void, and all of the original terms of the Note shall again be in effect, including unpaid principal, interest that would have accrued, and regulatory collection costs if applicable, less any payments made under this stipulation.

12. ECMC's failure to provide a reminder notice or receipt for payment does not relieve Plaintiff's obligation and/or agreement to make the lump-sum payment as described above.

13. If Plaintiff consolidates the Note, the amount certified will be the amount due under the original terms of the Note, including any charges or fees allowed by federal regulations and this stipulation shall become void.

14. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

15. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

16. Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference. To the extent that the terms of the Note conflict with the terms of this Stipulation, the terms in this Stipulation control.

17. The parties of this Stipulation acknowledge that they have been represented by independent counsel of their own choice or have had independent counsel available to them throughout all of the negotiations that have preceded the execution of this Stipulation.

18. This Stipulation constitutes the entire agreement of the parties.

19. Each person signing this Stipulation warrants that he/she is fully authorized to sign this Stipulation on his/her behalf and on behalf of his/her respective predecessors, transferors and/or assignors and that the Stipulation is therefore, binding upon and enforceable against the same.

20. This Stipulation is binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators, predecessors, successors and assigns.

21. Each party hereto agrees to bear his/her own costs, expenses and attorney's fees in connection with the aforementioned lawsuit and claims.

22. All notices sent to Plaintiff pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

> Julian McMillan, Esq.
> McMillan Law Group
> 2751 Roosevelt Road, Suite 204
> San Diego, CA 92016

23. Plaintiff will use the following contact information for all contact with ECMC related to this Stipulation:

> ECMC
> Attention: Legal Department
> P.O. Box 64909
> St. Paul, MN 55164-0909
> Email: stipulations@ecmc.org
> Phone: (800) 276-0366, option 2

////

///

//

/

STIPULATION FOR JUDGMENT          4

24. The parties to this Stipulation certify that they have read and fully understand its terms.

**IT IS SO STIPULATED.**

Dated: February 27, 2015

_____
Carol M. Dexter, Plaintiff

McMILLAN LAW GROUP

Dated: ~~February~~ March 2, 2015 (JCM.)

By: _____
Julian McMillan, Esq.
Attorney for Plaintiff

LAW OFFICE OF BARRY H. SPITZER

Dated: ~~February~~ March 5, 2015

By: _____
Barry H. Spitzer, Esq.
Attorneys for Defendant ECMC